Scott R. Daniel, Esq.
Nevada Bar No. 12356
THE DANIEL FIRM
200 S. Virginia St., 8th Floor
Reno, Nevada 89501
Telephone: 775.686.2418
Facsimile: 775.201.0653
scott.daniel@danielfirm.com

*Attorney for Defendants*
ADVANCED ONLINE LEARNING, LLC and
BRANDON PERRY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| INSTANTCERT.COM, LLC and STEVEN GLOER,<br>    *Plaintiffs*<br><br>v.<br><br>ADVANCED ONLINE LEARNING, LLC and BRANDON PERRY,<br>    *Defendants*<br>_____/ | Case No. 2:11-cv-01833-MMD-GWF<br><br>**STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)** |

　　　　Pursuant to Fed. R. Civ. P. 26, Plaintiffs INSTANTCERT.COM, LLC ("InstantCert) and STEVEN GLOER ("Mr. Gloer") (together "Plaintiffs") and Defendants ADVANCED ONLINE LEARNING, LLC ("AOL") and BRANDON PERRY ("Mr. Perry") (together "Defendants"), by and through their undersigned counsel, stipulate to the following Stipulated Protective Order ("Order") pursuant to the above-captioned civil action ("Action") and hereby respectfully request that this Court enter it on the record accordingly. Plaintiffs and Defendants shall hereby be individually and collectively be referred to as "Party" or "the Parties," respectively. This Stipulated Protective Order is submitted pursuant to the Joint Discovery Plan and Scheduling Order submitted by the parties on April 23, 2012, on file with the Court as Document 29.

　　　　WHEREAS, the Parties in the Action, during the course of this Action, have been and will be presented with discovery requests seeking the production of documents and/or information that the Parties claim as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY," whether they contain trade secrets, claimed intellectual property, or other confidential information;

WHEREAS, each Party maintains that the unprotected disclosure of any information it deems to be Confidential will be harmful to the Party producing the information;

WHEREAS, the Parties otherwise preserve the right to object to any discovery request for documents and/or information that they believe to be privileged from disclosure;

IT IS HEREBY ORDERED as follows:

1. **Scope of Order**

   a. <u>Discovery Materials</u> – This Order shall govern the use and disclosure of all "Discovery Materials" designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" pursuant to ¶ 2(a) below, including, without limitation: any and all documents produced by the Parties or third parties; deposition testimony; answers to written discovery requests; and all other productions, responses and/or disclosures made or requested pursuant to Title V (Rules 26 through 37, inclusive) of the Federal Rules of Civil Procedure; and correspondence amongst counsel for the Parties.

   b. <u>Definitions</u> – The following terms shall their given definitions:

      i. "Disclosing Party" shall mean and refer to the Party furnishing Discovery Materials to the other Party.

      ii. "Receiving Party" shall mean and refer to the Party receiving Discovery Materials from the Disclosing Party.

      iii. "Business day(s)" shall mean and refer to weekdays excluding federal holidays and other holidays observed by the Court.

   c. <u>Exclusions</u> – This Order shall not apply to any of the following:

      i. any information, document or thing which, at the time of disclosure to a Receiving Party, is in the public domain;

      ii. any information, document or thing that after disclosure to a Receiving Party becomes part of the public domain in its protected form as a result of publication not involving a breach of this Order by either Party;

      iii. any information, document or thing which a Receiving Party can show was received by it, before or after disclosure, from a third party source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

   d. <u>Relation Back to Joint Discovery Plan</u> – this Stipulated Protective Order shall apply retroactively to all Discovery Materials furnished by either party since the entry of the Joint Discovery Plan and Scheduling Order (Doc. 29) on April 23, 2012.

**2. Confidentiality Designations**

   a. <u>Designation of Documents and Tangible Things</u>

      i. *Confidential Information* – Discovery Materials may be designated as "Confidential" if such Discovery Material contains non-public, sensitive or confidential information that must be protected against disclosure to third parties. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "CONFIDENTIAL." Any document, material, or information designated by a Party as "CONFIDENTIAL" must first be reviewed by the Disclosing Party's attorney, or by a person working under the direct supervision of the attorney, prior to designation as "CONFIDENTIAL." The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

      ii. *Restricted Information* – A party may designate Discovery Material as "RESTRICTED - ATTORNEYS' EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the producing party believes in good faith cannot be disclosed without threat of competitive injury, because such Discovery Material contains proprietary or

commercially sensitive information and must be protected from disclosure to the other party and/or third parties. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "RESTRICTED - ATTORNEYS' EYES ONLY." Any document, material, or information designated by a party as "RESTRICTED - ATTORNEYS' EYES ONLY" must be reviewed by the Disclosing Party's attorney, or by a person working under the direct supervision of the attorney, prior to designation as "RESTRICTED - ATTORNEYS' EYES ONLY." The designation of any document, material, or information as "RESTRICTED - ATTORNEYS' EYES ONLY," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she reasonably in good faith believes the material requires and justifies this heightened level of protection under Fed. R. Civ. P. 26(c)(7) *and shall be used sparingly so as to ensure expeditious litigation*.

b. <u>Designation of Deposition and Other Testimony</u> – Deposition and other testimony may also be designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" as those designations are defined in ¶ 2(a) above. During the course of a deposition or other testimony which involves "CONFIDENTIAL" or "RESTRICTED - - ATTORNEYS' EYES ONLY" Discovery Material, counsel for a party or witness producing such information may designate on the record the portion(s) of the deposition or other testimony which counsel believes may contain "CONFIDENTIAL" or "- ATTORNEYS' EYES ONLY" information. If such designation is made, those portions of the deposition or other testimony involving such "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material will be taken with no one present, except those persons who are authorized to have access to such "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY"

1  Discovery Material in accordance with ¶ 4(a) of this Order.  For ten (10) business
2  days after the official transcript is delivered to all counsel, a party may designate in
3  writing other or new portions containing "CONFIDENTIAL" or "RESTRICTED -
4  ATTORNEYS' EYES ONLY" information.  During this ten-day period, if any part
5  of the testimony is designated on the record or in writing as containing
6  "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY"
7  information, the entire deposition or other testimony will be deemed to contain
8  "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY"
9  information.  A party objecting to any such designation of deposition or other
10 testimony as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES
11 ONLY" shall follow the procedure as set forth in ¶ 2(d) below.

    c.  <u>Related Material</u> – The restrictions on the use of Discovery Material established by this Order shall extend to:  (i) all copies, extracts and complete or partial summaries prepared from such Discovery Material; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material as provided for by ¶ 6 below and are marked "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" on at least the first page of the writing.

    d.  <u>Challenges to Designation</u> - In the event that the party receiving "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material disagrees with the designation by the producing or designating party, then the parties initially will try to resolve the dispute on an informal basis, within five (5) business days from the date that the receiving party raises the objection to the designation in writing (or a mutually agreed upon longer period) in writing.  Any such disputed items shall be treated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material, as

designated, and subject to the protections of this Order unless and until the parties reach an agreement or the Court determines otherwise. If the parties are unable to resolve their differences, then the objecting party may file a motion requesting disclosure within ten (10) business days after the informal period has concluded (or a longer time period agreed upon by the parties). In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" (or "RESTRICTED - ATTORNEYS' EYES ONLY") shall bear the burden of establishing that good causes exists for the disputed information to be so treated. Neither party shall be obligated to challenge the propriety of a "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" designation, and failure to do so shall not constitute an admission that any Discovery Material is in fact "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY". Discovery Material marked and identified in accordance with this Order shall remain subject to the terms of this Order unless otherwise agreed by the Disclosing Party or ordered by the Court.

3. **Responsibilities of Receiving Party**

   a. <u>Undertaking</u> – Any documents or materials marked "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" shall be held in the strictest confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be only used in order to properly litigate the above-captioned Action or reach a settlement thereto, including without limitation appeal and/or confirmation of the same; shall be not be used for any business or commercial purpose or competitive advantage; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be reasonably and carefully maintained in secure facilities.

   b. <u>Safeguarding</u> – The Receiving Party of any Discovery Material marked "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" pursuant

to this Order shall maintain such information in a safe and secure area and shall exercise reasonable, due and proper care with respect to its storage, custody and use, so long as it remains so designated.

**4. Limitation on Access to Protected Information**

    a. <u>Access to Confidential Information</u> – Access to and disclosure of "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Order shall be limited to the Court, its officers and its clerical staff, and to "Authorized Personnel," who consist of the following persons and/or entities:

        i. **Counsel** of record for the parties, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;

        ii. **Experts and consultants** and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "CONFIDENTIAL" (or "RESTRICTED - ATTORNEYS' EYES ONLY") Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit A, and the attorney for the Party shall keep the executed Acknowledgement for a period of one (1) year following the final disposition of this Action. Counsel for the Receiving Party must have a good faith belief that disclosure of such documents to the expert of consultant is necessary for the expert or consultant's review of the issues in this Action;

        iii. **Outside vendors** and their employees who provide copy services and exhibit preparation services in connection with this litigation provided that each vendor execute an Acknowledgement in the form provided in Exhibit A;

        iv. **Stenographic reporters and videographers** engaged for depositions or proceedings necessary to this action;

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

  v. Any person (i) who is **identified as an author or recipient**, including receipt by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (ii) who has been **identified in writing by the designating party** as having been provided with the document or information therein. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

  vi. Third party **mediators and/or arbitrators** selected by the parties; and

  vii. Such other persons as hereafter may be designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

 b. <u>Access to Restricted Information</u> – Access to and disclosure of "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material marked and identified in accordance with this Protective Order shall be limited solely to the Court, its officers and its clerical staff and to the Authorized Personnel identified in ¶ 4(a)(i)-(ii), or otherwise by order of the Court under ¶ 4(a)(vii). "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material shall not be provided, shown, made available or communicated in any way to any person or entity other than provided for in this paragraph.

**5. Use in Court Proceedings**

 a. **Filing Protected Material** - Any party wishing to include, disclose, or attach any "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material as part of or with any pleading, motion, brief or other paper filed with the Clerk of this Court, shall move to have the material filed under seal in accordance with the Court's applicable rules, including but not limited to Local Rules of the United States District Court for the District of Nevada. Copies of the papers filed under seal shall be timely served on counsel for the parties. Should the need arise during any pre-trial proceedings before the Court, a party may cause

"CONFIDENTIAL" and/or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material to be disclosed only after appropriate *in camera* inspection or other appropriate safeguards are requested of the Court.

    b. **Use of Protected Material at Trial or Hearing** – At any hearing or trial relating to this Action, subject to the rules of evidence and any Order of the Court, a party may use any "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material for any purpose. In the event that any "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material through such use, provided that the Parties to this Action take steps reasonably calculated to protect its confidentiality during such use. The Parties may request, pursuant to this Order, that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Protective Order.

**6. Miscellaneous Protections**

    a. This Protective Order shall not preclude any Party from seeking additional protection with respect to the confidentiality of Discovery Material as that Party deems appropriate, nor shall any Party be precluded from seeking an order from the Court permitting the disclosure or use of certain Discovery Materials otherwise prohibited by this Protective Order;

    b. Nothing herein shall prevent the parties from mutually agreeing in writing to the use or disclosure of "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material other than as permitted by this Order;

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

c. If the Court orders that access to or dissemination of any type of Discovery Material shall be had by or made to persons not included in ¶ 4 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and the obligations arising from, this Order, and such persons shall sign an Acknowledgment as provided for in Exhibit A of this Order, and in all other respects shall be considered subject to it; and

d. If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material to seek the assistance of any person other than those specified in ¶ 4 above, the following procedures shall be employed:

   i. Counsel for the Receiving Party shall notify, in writing, counsel for the Disclosing Party of the desire to disclose such CONFIDENTIAL or RESTRICTED - ATTORNEYS' EYES ONLY Discovery Material and shall identify the person(s) to whom counsel intends to make such disclosure;

   ii. If no objection to such disclosure is made by counsel for the Disclosing Party within five (5) business days of receipt of such notification, counsel for the Receiving Party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the Receiving Party shall serve upon opposing counsel, prior to disclosure, an Acknowledgment in the form set forth in Exhibit A, whereby such persons agree to comply with and be bound by this Stipulated Protective Order;

   iii. If the Disclosing Party objects to such disclosure, no disclosure shall be made at that time. However, any Party may bring before the Court the question of whether the particular "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material can be disclosed to the designated person(s) and the Party making the designation shall have the burden of establishing before the Court the necessity for such designation.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

**7. Inadvertent Disclosure**

    a. If, through inadvertence, a Disclosing Party provides any "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material in this litigation without marking the information as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY," the Disclosing Party may subsequently inform the Receiving Party in writing of the "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" nature of the disclosed information, and the Receiving Party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to any person(s) or entities not authorized to receive the material under the terms hereof.  A Party objecting to any such "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" designation shall follow the procedures set forth in ¶ 2(d) above. Prior disclosure of material later designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" shall not constitute a violation of this Order.

    b. If "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material is disclosed to any person other than in the manner authorized by this Order, the person(s) responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the Disclosing Party and, if appropriate, to the Court and, without prejudice to other rights and remedies of any party, take reasonable and appropriate measures to prevent further disclosure by it or by the person who was the recipient of such information.

    c.  If a Disclosing Party, through inadvertence, produces or provides Discovery Material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the Disclosing Party may give written notice to the Receiving Party that the Discovery Material is deemed privileged and

that return of the Discovery Material is requested. Upon such written notice, the Receiving Party shall immediately gather the original and all copies of the Discovery Material of which the Receiving Party is aware and shall immediately return the original and all such copies to the Disclosing Party. Return of this Discovery Material by the Receiving Party shall not preclude the Receiving Party from later moving the Court to compel production of the returned Discovery Material.

8. **Disposal on Final Disposition** -  After the final resolution of this Action, including the exhaustion of all appeals, each Party, unless otherwise agreed in writing by counsel for the parties, shall have ninety (90) calendar days to notify the other party in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY," including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the party, person, or firm in possession. Any documents, copies, extracts or summaries that constitute attorney work product may be retained by counsel or destroyed. The return or destruction of these materials shall occur within thirty (30) days after this written notice is received. The party returning or destroying materials under this paragraph shall provide a written certificate to the producing party attesting to the return or destruction of all designated materials.

9. **Continuing Jurisdiction** – Unless superseded by later order of the Court, this Order shall remain in full force and effect after the final resolution and termination of this Action, and the Parties further agree that the Court may enforce the terms of this Order and/or redress any violations thereof.

10. **Modification of Order** – Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the Parties involved shall make a good faith effort to resolve the matter by mutual agreement. Furthermore, the Parties may agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers or responses from the scope of this Order.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

**11. Notice** – For the purposes of this Order, written notices shall be served upon counsel for the opposing party via e-mail and may be supplemented by facsimile or delivery by U.S. Mail or other courier.  The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the date indicating that the original *e-mail* was received by the opposing party.

**12. Other Proceedings** – By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who receives a written request, subpoena, or court order seeking disclosure of another party's "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" Discovery Material, such person shall promptly (no more than five (5) business days after receipt) notify counsel for the producing party of the request, subpoena, or court order and shall provide a copy of the same.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

**13. Existing Obligations** – Nothing in this Stipulated Protective Order shall be construed to constitute a novation of any existing obligations of confidentiality any Party may owe to the other Party. To the extent that they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this particular order.

IT IS SO STIPULATED

/s/ Stephanie Buntin
W. West Allen, Esq.
Nevada Bar No. 5566
Stephanie Buntin, Esq.
Nevada Bar No. 12339
LEWIS & ROCA, LLP
3993 Howard Hughes Pkwy, Ste. 600
Las Vegas, Nevada 89169

*Attorneys for Plaintiffs Instantcert.com, LLC & Steve Gloer*

Dated: July 2, 2012

/s/ Scott R. Daniel
Scott R. Daniel, Esq.
Nevada Bar No. 12356
THE DANIEL FIRM
Reno, Nevada 89501

*Attorney for Defendants Advanced Online Learning, LLC & Brandon Perry*

Dated: July 1, 2012

IT IS SO ORDERED BY THIS COURT:

GEORGE FOLEY, JR.
United States Magistrate Judge

DATED:   July 5, 2012

**NOTE:  This order is approved subject to the parties satisfying the required legal standards for sealing any document filed with the court or introduced as evidence in a hearing or at trial.**

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada  89169

-14-

# EXHIBIT A

WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE STIPULATION AND ORDER REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I have received a copy of the Stipulated Protective Order Governing Confidentiality that was entered into by the parties in connection with *InstantCert.com, LLC, et. al. v. Advanced Online Learning, et. al.*, Case No. 2:11-CV-01833- MMD-GWF, in the United States District Court for the District of Nevada, and I hereby agree to be bound by its terms and conditions. I recognize that during my participation in the handling and development of this case I may have occasion to read or hear of Discovery Material that is designated "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY." I agree to use any such Discovery Material solely in connection with my participation in this case and for no other purpose, and state that I am not a business competitor of any of the Parties involved. I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for the limited purpose of enforcing said Stipulated Protective Order, and this Acknowledgement, through contempt proceedings or other appropriate judicial remedies.

I am employed by _____ and my title is _____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of _____, 20___.

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that service of this **STIPULATED PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26(C)** was made this _____ day of _____, 20___ by depositing a copy for mailing, first class mail, postage prepaid, at Reno, Nevada, to the following:

| | |
|---|---|
| W. West Allen, Esq.<br>Stephanie Buntin, Esq.<br>Lewis & Roca, LLP<br>3993 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, Nevada 89169<br>wallen@lrlaw.com<br>sbuntin@lrlaw.com | Scott R. Daniel, Esq.<br>The Daniel Firm<br>200 South Virginia Street<br>8th Floor<br>Reno, Nevada 89501<br>scott.daniel@danielfirm.com |

Print: _____